

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PS:DAL
F.#2011R00032

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

March 7, 2012

**By ECF & Hand**

The Honorable Sterling Johnson, Jr.
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

>       Re:   United States v. Marat Mikhaylich
>             Criminal Docket No. 11-311 (SJ)

Dear Judge Johnson:

      The government respectfully submits this letter in advance of sentencing of the defendant Marat Mikhaylich, scheduled for March 14, 2012.  On October 13, 2011, the defendant pleaded guilty before the Honorable Robert M. Levy, pursuant to a plea agreement, to Counts One through Nine and Count Seventeen of a seventeen-count indictment, charging him with robbing nine banks, in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and using and carrying a firearm, in violation of 18 U.S.C. § 924(c).

      The government agrees with the Guidelines calculation and offense-conduct description set forth in the Presentence Investigation Report dated December 6, 2011 ("PSR").  The Guidelines range, which the defendant agrees in his February 19, 2012 submission is properly calculated, is 97 to 121 months' imprisonment for Counts One through Nine, and a mandatory consecutive sentence of 7 years' imprisonment for Count Seventeen.

      The government respectfully submits that the defendant should receive a sentence within the Guidelines range.  As is clear from the PSR, the defendant's crimes are extremely serious. From December 2010, until he was captured in March 2011, the defendant robbed nine banks, pointing a gun at bank personnel in eight of those robberies, and car-jacking a vehicle in the course of his getaway from the ninth robbery.  Victims of at least two of the robberies indicate that the defendant threatened to shoot

them if they contacted the police or refused to turn money over to him. (PSR ¶¶ 8 and 13). The victims had every reason to believe that the defendant would indeed kill them if they did not comply with his demands. And notwithstanding the defendant's present claim that he intended no physical harm, the defendant was carrying a loaded semi-automatic handgun in a waistband holster when arrested. (PSR ¶ 27). This is strong evidence that the defendant was prepared to fire the weapon if necessary. Had the defendant truly wished to avoid the prospect of physical harm to others he could have robbed banks with an unloaded weapon or made "note jobs" his modus operandi.

Fortunately, the defendant did not kill anyone. But, as he himself appears to recognize (Deft. Mem. at 3), he has nonetheless caused immeasurable damage to the psychological well-being of the men and women he robbed. The nature of that damage is eloquently described in the victim impact statement provided to Probation by an official at one of the banks robbed by the defendant. The official writes, in part:

> Every associate, regardless of the business or industry they work in, is entitled to a safe environment. Mr. Mikhaylich's threats, actions and use of a gun took that away from the associates of these three [bank] branches. These associates were told they would be killed, and had a gun pointed in their face, if they did not comply with his demands. For those associates, they did not know if he would actually kill them and if they would every see their families again.
>
> Mr. Mikhaylich stole money from the bank, but more importantly he stole the associate's peace of mind and comfort level. The images of him passing the note, and threatening to kill them and pointing a gun at them will live with them forever. Never again can they come to work with nothing on their mind but doing a days work. They will always have the thought that he could come back again.

(February 15, 2012 PSR Addendum at 1-2).

The defendant requests a non-Guidelines sentence based primarily on the claim that he was driven to commit his crimes by a heroin addiction. But while the defendant was no doubt driven to extremes by his addiction, that cannot excuse his decision to

3

resort to crime and violence to feed his habit. Moreover, the evidence indicates that the defendant carefully planned his robberies, researching vulnerable banks online (PSR ¶ 21) and purchasing a weapon under a false name in Virgina (PSR ¶ 25). The manner in which he committed these crimes is evidence of pre-meditation and preparation, rather than simply the reckless actions of an addict.[1]

      For the foregoing reasons, the government respectfully submits that a Guidelines sentence is necessary to promote respect for the law, to reflect the seriousness of the offense and to adequately address the other goals of sentencing set forth in 18 U.S.C. § 3553(a). In accordance with the plea agreement, the government takes no position as to where within the Guidelines range the defendant's sentence should fall.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              UNITED STATES ATTORNEY

               By:         /s/
                     Darren A. LaVerne
                     Assistant U.S. Attorney
                     (718) 254-6783

cc: Michelle Gelernt, Esq. (By Email & ECF)
    Cheryl M. Fiorello, U.S. Probation (By Email)

---

[1] In his submission the defendant refers to his "lack of criminal history." (Deft. Mem. at 2). In fact, the defendant has four prior criminal convictions, including convictions for use of a stolen credit card and resisting arrest. (PSR 126-135). While these convictions did not receive criminal history points, they undermine the defendant's assertion that his present offenses reflects a "stark departure" from an otherwise law-abiding life.